NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HILBERTO CORTEZ-HERNANDEZ,
AKA Leopoldo Cortez Hernandez,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   19-72922

Agency No. A200-552-559

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2021[**]

Before:      CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Hilberto Cortez-Hernandez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT").  Our

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id*. at 1241-42. We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Cortez-Hernandez failed to establish that the harm he experienced or fears in El Salvador was or would be on account of a protected ground, specifically, a political opinion. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1042 (9th Cir. 2005) (to establish a nexus to a political opinion ground, petitioners must show "(1) that [they] had either an affirmative or imputed political opinion, and (2) that they were targeted *on account of* that opinion").

The agency also did not err in concluding that Cortez-Hernandez's did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

We lack jurisdiction to consider the proposed family-based particular social group or arguments regarding immutability raised for the first time in Cortez-Hernandez's opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, Cortez-Hernandez's withholding of removal claim fails.

In light of this disposition, we do not reach Cortez-Hernandez's remaining contentions as to whether he experienced past persecution or established a clear probability of future persecution. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT relief because Cortez-Hernandez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject as unsupported by the record Cortez-Hernandez's contention that the agency mischaracterized his testimony or otherwise erred in its analysis of his case.

The temporary stay of removal remains in place until issuance of the mandate.  The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**